No. 6231.

## W. H. BROOKIN *v.* THE STATE.

1. PERJURY.—A false statement under oath, to constitute perjury, must have been deliberately and wilfully made, the accused at the time knowing it to be false. A false statement under oath, if made through mistake, is not perjury.

2. SAME—EVIDENCE—CASE STATED.—When previously arraigned for trial for cattle theft, the accused applied, under oath, for a continuance for want of two absent witnesses, whose absence, he averred in his application, was not by his procurement or consent,—and this averment in the said application is the perjury assigned in this case. On this trial it was proved that, several days before the case for cattle theft was called, the defendant told the said witnesses that he would not need them on his trial; that they need not attend, and they were excused by him from attending that trial in his behalf.  To meet this evidence the defendant offered to prove by the witness B. that, after he had excused the said witnesses, and before the theft case was called for trial, he directed the said B. to countermand his agreement excusing them from attending and testifying in his behalf on the trial, and to require them to be present as witnesses in his behalf; that, being himself confined in jail, he could not attend to the matter himself, and B. promised but failed to do as directed by him.   This proof was excluded upon objection of the State. *Held*, error, inasmuch as it tended to show, and, if true, did show, a false statement under oath made by mistake.

3. SAME.—CHARGE OF THE COURT on a trial for perjury is fundamentally erroneous if it fails to instruct the jury that a conviction for perjury can not be had except upon the testimony of at least two credible witnesses, or of one credible witness strongly corroborated by other evidence, or upon the accused's confession in open court, as to the falsity of the statements under oath.

APPEAL from the District Court of Jones.    Tried below before the Hon. J. V. Cockrell.

This conviction was for perjury, and the penalty assessed by the verdict was a term of five years in the penitentiary.

The opinion sufficiently discloses the case.

No brief on file for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE PRESIDING JUDGE.    On the trial of appellant upon a, charge of theft of cattle, he made an application, under oath, for a continuance for two absent witnesses, Moses Dameron and H. K. Jones, and amongst other things, in said application, stated that said witnesses were "not absent by the procurement or consent of defendant." He was indicted in the case under consideration for perjury, the matter assigned as perjury being the statement so made by him with regard to the absence of said witnesses.

On the trial it was proven by the State, by the witnesses Dameron and Jones, and also by other testimony, that they did not attend the theft trial after they had been summoned as witnesses, because, some days before said trial, appellant had told them that they need not attend the trial; that he would not need them, and he excused them from attendance as witnesses in his behalf.    To meet this evidence defendant proposed to prove by R. P. Brookin that after he, defendant, had excused said witnesses, and before the theft case was called for trial, defendant told said R. P. Brookin "to see the witnesses Dameron and Jones and countermand his order releasing them, and tell them to be at the district court as witnesses for him." This R. P. Brookin promised to do, but never did; defendant himself being in jail, and unable to see the witnesses in person, nor had he seen R. P. Brookin from the time he requested him to see said witnesses until after the application for continuance had been made on account of their absence.    On objection by the State, this testimony was excluded.    In our opinion the court erred in excluding the evidence because it tended to show, and if true did show, that the statement assigned as perjury would not be a false statement deliberately and wilfully made— the defendant at the time knowing it to be false (Penal Code,

art. 188), but, on the contrary, was a false statement made through mistake, which is not perjury. (Penal Code, art. 189.)

In his charge to the jury the learned judge omitted to instruct them that a conviction for perjury could not be had unless upon the testimony of at least two credible witnesses or one credible witness strongly corroborated by other evidence, as is required by article 746, Code of Criminal Procedure. The Assistant Attorney General confesses error upon this point, and the error is fundamental. (Washington v. The State, 22 Texas Ct. App., 26; Miller v. The State, ante, 497.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*